```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

DIANE CUMMINGS JONES,                )
                                     )
    Plaintiff                        )
                                     )
                                     )   CIVIL ACTION NO.
v.                                   )
                                     )   CV 95-AR-3233-S
THE BOARD OF TRUSTEES OF THE         )
UNIVERSITY OF ALABAMA AT             )
BIRMINGHAM,                          )
                                     )
    Defendant                        )
_____)
CARMENITA SANDERS,                   )
                                     )   CIVIL ACTION NO.
    Plaintiff                        )
                                     )   96-AR-1183-S
VS.                                  )
                                     )
THE BOARD OF TRUSTEES OF THE         )
UNIVERSITY OF ALABAMA, FOR           )
ITS DIVISION, THE UNIVERSITY         )
OF ALABAMA AT BIRMINGHAM,            )
                                     )
    Defendant                        )
                                     )
_____)
                                     )
FELICIA BURDEN, ET AL.,              )
                                     )   CIVIL ACTION NO.
    Plaintiffs                       )
                                     )   96-AR-2635-S
VS.                                  )
                                     )
THE BOARD OF TRUSTEES OF THE         )
UNIVERSITY OF ALABAMA AT             )
BIRMINGHAM,                          )
                                     )
    Defendant                        )

FILED
97 DEC 11 PM 3:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
DEC 11 1997

## MEMORANDUM OPINION

The court has for consideration the motion for summary judgment filed by defendant, Board of Trustees of the University of Alabama at Birmingham ("UAB"), in the above three consolidated cases in which there are a total of twenty-eight (28) plaintiffs,

most of whom complain under the Equal Pay Act and separately under Title VII of discrimination of a discrete and narrow kind, namely, discrimination against black females. Two plaintiffs, namely, Lisa Reese Heard and Nadine Woodward, complain only of discrimination based on their sex. They do not say to what racial group they belong. The court will assume that they are white.

The only one of the 28 plaintiffs who ever filed an EEOC charge is Diane Cummings Jones, the sole plaintiff in CV 95-AR-3233-S, the case into which the other plaintiffs unsuccessfully sought to intervene. The other plaintiffs sought to, and still seek to, "piggy-back" on Jones's administrative exhaustion prerequisite. An insurmountable problem for plaintiffs, Pamela Mines, Gail Kyle, Karen Lacey, Sadie Steele and Carmenita Sanders, is that they all left their employment at UAB more than 180 days prior to the date upon which Jones filed her EEOC charge, so that they cannot vicariously rely on Jones's EEOC exhaustion. Once they were no longer employed they could not depend upon a theory of "continuing" violation even if proscribed employer conduct extended beyond their termination dates. It could not have adversely affected them.

In addition to Title VII, plaintiffs invoke the Equal Pay Act which, in this court's opinion, cannot be enforced against a state entity. UAB, an admitted state entity, enjoys Eleventh Amendment immunity. This court not only reads *Seminole Tribe of Florida v. State of Florida*, ___ U.S. ___, 116 S. Ct. 1114 (1996), as a bar to the applicability of the Equal Pay Act to states, but this court

agrees with his fellow judge of the Northern District of Alabama in *Larry v. Board of Trustees of University of Alabama*, 975 F. Supp. 1447 (N.D. Ala. 1997), in which Judge Hancock specifically found UAB immune from Equal Pay Act liability. This court's opinion in *MacPherson v. University of Montevallo*, 938 F. Supp. 785 (N.D. Ala. 1996) deals with the ADEA and not with the Equal Pay Act, but similar reasoning applies to both remedial statutes to the extent they butt into the Eleventh Amendment. A recent Supreme Court case that thoroughly explores the limitations on Congress's prerogative in fashioning mechanisms for the enforcment of Congress's perception of federal constitutional rights is *City of Boerne v. Flores*, ___ U.S. ___, 117 S. Ct. 2157 (1997). There the Supreme Court makes clear that Congress cannot simply manipulate or create constitutional remedies around the Supreme Court interpretation.

While harboring serious doubts about the viability of the Title VII claims of the 22 plaintiffs who have successfully "piggy-backed" on the EEOC complaint of Diane Cummings Jones, at this juncture the court is unwilling to hold as a matter of law that the claims can be disposed of under Rule 56, F.R.Civ.P. A trial of 22 cases will crowd the courtroom, but it has been done before, and will be done here.

An appropriate, separate order will be entered.
DONE this ___11___ day of December, 1997.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE